[384] *JAMES CUNNINGHAM, RESPONDENT, v. HENRY A. BREED, WILLIAM E. DENNIS et als., APPELLANTS.

UNDERTAKING, DEFENSE IN ACTION.—In an action for damages on an undertaking given on suing out an injunction, the defendants cannot object, by way of defense, that they ought not to pay the damages, which they contracted to pay, because the business which they enjoined, and for the stoppage of which, damages are claimed, was a public nuisance.

APPEAL from the Fourth Judicial District.

This was an action brought by the plaintiff to recover $15,000, the amount of an undertaking, executed by the defendants at the time of suing out an injunction, restraining the plaintiff from filling the slips appurtenant to Market Street Wharf, and from running his locomotive and train of dirt cars thereon, etc. This undertaking was executed on the 12th day of June, 1852. Subsequently, on the 2d day of October, 1852, the injunction was dissolved by the District Court, and its judgment was affirmed by the Supreme Court.

On the trial, a jury having been waived, the plaintiff offered evidence of the damages sustained by him, in consequence of having been restrained from prosecuting his work, etc., and the Court found for the plaintiff the sum of $8,100 damages.

The defense made was, that Market street was a public highway, and that the plaintiff had no right to lay, keep or use his railroad thereon; that it was a public nuisance, which Breed and Dennis had a right to abate; with or without process of law; that the presumption of law was, that every obstruction or exclusive use of a highway, or any part thereof, was a public nuisance, and that the plaintiff having no right to maintain or use his track in the public street, was not entitled to recover damages, in this action, for the loss of such use, and of the profits and advantages thereof. This defense the Court overruled, and entered judgment for the plaintiff for the sum of $8,100, and costs of suit. Whereupon, the defendants appealed, but did not prosecute it. Under the rules of this Court, the plaintiff brought

up the transcript, and by his counsel, submitted the
*following argument in behalf of the judgment of  [385]
the Court below.

*Halleck, Peachy, Billings & Park,* for Respondent.

The Court is asked to assume, that the business of the
plaintiff was a public nuisance. What is a public nuisance
depends on circumstances. (3 Paige, 217, 218.) The tem-
porary use of a street may be lawful, when its permanent
use for the same object would be a nuisance. A railroad in
a street is not, *per se,* a nuisance. (9 Paige, 171; 7 Barb.
556; 8 Dana Ky. 289.) It is a well settled principle, that
when an act may be legal or illegal, according to the manner
in which it is performed, the presumption is always in favor
of its legality. (Chitty on Contracts, 659, 660, and notes;
1 Greenl. Ev. § 80.) The illegality of the plaintiff's railroad
not having been set out in the defendant's answer, they must
be deemed to have waived that objection. The defendants
are estopped, by the judgment of the Court, in setting
aside the injunction, from alleging the illegality of plaintiff's
acts in the premises. They agreed to pay all damages
which the plaintiff in this case might sustain by reason of
the injunction. The Court has decided that the injunction
was without sufficient cause; it is, therefore, too late to
allege that the act restrained was illegal.

Mr. J. HEYDENFELDT delivered the opinion of the Court.
Mr. Ch. J. MURRAY concurred.

The defendants object that they ought not to pay the
damages which they contracted to pay, because the business
which they enjoined, and for which damages are claimed,
was a public nuisance. This is the first time I have heard
of such a defense to avoid the obligations of a contract.

A legitimate occupation is sometimes a public nuisance,
but a party is nevertheless entitled to the fruits of his labor,
until an abatement takes place in some proper form. A
gunpowder mill may be a public nuisance, but this would

not allow one who had purchased powder to set it up in defense against the recovery of the purchase money. The defense here is just as absurd, when examined, as in the case by which it is illustrated.

Judgment affirmed with ten per cent damages.